THE MACBARD COAL CO. *v.* THE WYATT COAL CO.

*Breach of contract—Sale of coal—Government regulation of price and distribution—Evidence—Order of United States Fuel Administrator admissible, when.*

In an action to recover for coal sold and delivered under a contract entered into with knowledge that the government was regulating the price and distribution thereof, where the defendant by cross-petition alleges a breach on the part of plaintiff in not delivering the required amount, plaintiff may, upon cross-examination of defendant's witness, introduce in evidence an order of the United States Fuel Administrator to the effect that coal mined in a district including plaintiff's mines could not be shipped west as far as defendant's coal yards.

(Decided July 31, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Robert M. Ochiltree* and *Mr. J. H. Kilduff,* for plaintiff in error.

*Messrs. Sibbald & Ducker,* for defendant in error.

CUSHING, J. The action in the court below was on an account, in the short form, to recover $5,991.57 for coal sold and delivered.

The defendant, The MacBard Coal Company, admitted the purchase of the coal from The Wyatt Coal Company, and that it owed the amount stated in plaintiff's petition. By way of cross-petition, it claimed that the coal was delivered under a contract; that the plaintiff breached the contract; and that there was a balance of about 24,000 tons of coal still to be delivered under the contract. It

claimed damages for such breach in the sum of $24,106.25.

The Wyatt Coal Company denied generally all the allegations of the cross-petition.

At the trial the jury returned a verdict in favor of the plaintiff in the sum of $6,441.37.

The motion for a new trial and the petition in error state many grounds of error. However, but two of the assignments of error were briefed or argued by counsel. One was the admission of evidence; the other, that the verdict is against the weight of the evidence.

Whatever was the arrangement between the parties, it was entered into by the exchange of numerous letters, telegrams and telephone conversations.

The plaintiff in error claimed that the contract was for coal to be delivered, according to its order, up to 5,000 tons per month. The price was to be that fixed by the United States fuel administration. The contract was to continue as long as the government controlled the price of coal.

Defendant in error claimed that it agreed to ship to plaintiff in error so much coal as it could spare from its other contracts, and that the letters and telegrams were sent for the purpose of enabling the plaintiff in error to secure hopper service in the coal-distributing district of Cincinnati.

The question as to what was the contract between the parties was a mixed question of law and fact to be determined by the jury. It found in favor of the plaintiff below.

The admission of evidence complained of is that on cross-examination of one of the defendant's

witnesses the court permitted the plaintiff to offer in evidence an order issued in June, 1918, by the United States fuel administrator, to the effect that coal mined east of a line fixed by the fuel administrator, including a point on the C. & O. railroad known as St. Albans, could not be shipped west, and that the mines of the plaintiff were in the eastern zone. The defendant claimed that this was offering evidence of a matter of defense on cross-examination of one of defendant's witnesses. There is no question but that the rule in *Legg* v. *Drake*, 1 Ohio St., 286, and *Ohio & West Pa. Dock Co.* v. *Trapnell*, 23 C. C., N. S., 408, 416, 28 Ruling Case Law, pp. 604, 607, Section 194 and 197, correctly states the law. This contract recognized that the United States government in time of war had supervision and control over the price and distribution of coal. In this view of the situation, it was incumbent on the defendant below to show that it had the right to receive coal without violating any of the regulations of the United States fuel administration.

This contract was entered into with the knowledge that the government of the United States was at that time regulating the price and distribution of coal. In time of war no contract between individuals could hamper or impair governmental functions. The parties so far recognized the governmental control as to agree on the price fixed by the fuel administration. It was therefore incumbent on the defendant below to show it had a contract for 5,000 tons of coal per month, and also that under governmental regulations it was entitled to receive the same. This it did not do, but complains that the court erred in allowing the

order of June, 1918, to be introduced on cross-examination. It was one of the facts defendant was required to show before he could recover on his cross-petition. The admission of the order of the government was not error.

The question as to what was the contract between the parties, and as to its breach, was properly submitted to the jury.

Under the contentions of the parties to this action the testimony was conflicting. It was properly submitted to the jury, and we do not find that the conclusion of the jury is contrary to the weight of the evidence.

Finding no error prejudicial to the plaintiff in error, the judgment of the court below will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.